## VINTON E. HOWELL, FOR USE, ETC.,
### v.
## OSBORNE BARNARD ET AL.

*Replevin—Fixtures—Real Estate Mortgage—Chattel Mortgage— Foreclosure—Dismissal of Suit—Action on Bond—Evidence.*

1. In an action on a replevin bond, given by a party who sought to reclaim as fixtures covered by a real estate mortgage, certain property which had been taken on foreclosure of a chattel mortgage, the replevin suit having been dismissed and writ of *retorno* awarded, it is *held:* That a verdict for one cent damages was wrong, a portion of the property in controversy being clearly personal property.

2. In the case presented it is *held:* That the plaintiff in the replevin suit and defendant in the action on the bond, was not estopped by the allegation in his affidavit for writ of replevin that the property was personal property, from showing in mitigation of damages, that the property was actually real and therefore not covered by the chattel mortgage.

[Opinion filed November 23, 1889.]

IN ERROR to the County Court of McLean County; the Hon. C. A. MYERS, Judge, presiding.

In 1883, Jesse Bowen, being the owner of a brickyard west of the city of Bloomington, gave a real estate mortgage thereon to one Abbott. Abbott thereafter assigned the mortgage to Osborne Barnard, one of the defendants in error. The facts of the case further appear in the opinion.

Messrs. KERRICK, LUCAS & SPENCER, for plaintiff in error.

Mr. JOHN STAPLETON, for defendants in error.

CONGER, J. One Jesse Bowen was the owner of a piece of ground on which there was a brickyard, and as a part of the fixtures of the brickyard there were "one Aldrich windmill, tower force pump, and about 700 feet of pipe, water

tank, loose lumber on brickyard, water elevator, pit covers and pit lumber, etc., etc., said property on the brickyard of Jesse Bowen, and of the value of $100."

While that property was so in possession of Jesse Bowen he made a chattel mortgage on it to Warren Milner to secure the payment of $164.82. The mortgage was properly executed and recorded. At the maturity of the mortgage the debt was not paid, and the mortgage was placed in the hands of J. K. Noble to foreclose. Mr. Noble took possession of all the property and left it with a custodian and then suit in replevin was brought by Mr. Barnard for the same property. The affidavit for replevin says, "that said goods and chattels are now in the possession of James K. Noble," etc. The deputy sheriff to whom the writ was delivered went with Mr. Barnard to the brickyard, and the property was shown to them, and Mr. Barnard said to the deputy: "I will receive it (the property) just as it is here." Barnard dismissed that suit and a writ of *retorno* was awarded, but the property was retained by Barnard, and thereupon suit was brought by the sheriff for the use of Warren Milner on the replevin bond.

To the declaration the defendants filed several pleas: 1. Property in Barnard. 2. That the goods, etc., were returned. 3. "Because they say that the said supposed goods and chattels in the said writ of replevin mentioned were, in reality, certain fixtures to certain real estate, and that said fixtures were not taken in pursuance of said writ or replevin, and that the possession was not changed."

The jury returned a verdict of one cent for the plaintiff, who made a motion for a new trial, which was overruled, and this writ of error sued out.

The judgment in this case must be reversed, because the loose lumber used about the yard and worth, as estimated by the witnesses, from $10 to $75, was unquestionably personal property and plaintiff should have recovered its value.

As to the other property we think the fact that Barnard had called it personal property in his affidavit for the writ of replevin, should not estop him when sued on his bond

from showing that it was fixtures, and not personal property. Having sued in replevin he should be held to pay the costs and all the damages accruing from such suit. But if he can show that the property is not plaintiff's, because from its nature it could not be covered by a chattel mortgage, he ought, in mitigat on of damages when sued upon his bond, to be permitted to do so.

Even though proof going to show such property to be fixtures may tend indirectly to contradict the recitals in his replevin bond, still, to give effect to the 26th section of the chapter on replevin, and to avail himself of the rights given by that section, he should be allowed to do so.

We do not desire to express any opinion as to whether the other property in question was part of the realty or personalty. This is a question of fact to be determined by the jury upon another trial under proper instructions.

The judgment of the County Court will be reversed and the cause remanded.

*Reversed and remanded.*